**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4030

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

D'ANDRE PRESTON, a/k/a Whiteboy, a/k/a Whites,

Defendant - Appellant.

No. 23-4577

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY BUTLER, a/k/a Sags, a/k/a Little Dick, a/k/a Gotti,

Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore.
Julie R. Rubin, District Judge.  (1:19-cr-00137-JRR-31; 1:19-cr-00137-JRR-4)

Submitted:  July 9, 2024                          Decided:  September 17, 2024

———————————

Before WILKINSON and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

No. 23-4030, affirmed in part and dismissed in part; No. 23-4577, dismissed by unpublished per curiam opinion.

———————————

**ON BRIEF:** Steven M. Klepper, KRAMON & GRAHAM, P.A., Baltimore, Maryland, for Appellant Preston; Justin T. Eisele, SEDDIQ LAW, Rockville, Maryland, for Appellant Butler. John Walter Sipple, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

In these consolidated appeals, D'Andre Preston and Gregory Butler pleaded guilty, pursuant to plea agreements, to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d). Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues. Neither Preston nor Butler submitted a pro se supplemental brief. The Government moves to dismiss on the ground that Preston's appeal is barred by the appeal waiver included in the plea agreement and Butler's notice of appeal is untimely. We grant in part the motion to dismiss Preston's appeal and otherwise affirm his criminal judgment, and grant the motion to dismiss Butler's appeal.

We review de novo the validity of Preston's appeal waiver. *United States v. Carter*, 87 F.4th 217, 223 (4th Cir. 2023). Where, as here, the Government seeks to enforce the appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the scope of the waiver. *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). A defendant validly waives his appeal rights if he agrees to the waiver "knowingly and voluntarily." *Carter*, 87 F.4th at 224. To determine whether a waiver is knowing and voluntary, "we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *Id*. "Generally, though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

3

Upon review of the plea agreement and the transcript of Preston's Rule 11 hearing, we conclude that Preston knowingly and voluntarily waived his right to appeal. But Preston's appeal waiver does not bar consideration of the validity of his guilty plea. *United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023). Because he did not move in the district court to withdraw his guilty plea, we review the plea colloquy for plain error. *United States v. Kemp*, 88 F.4th 539, 545 (4th Cir. 2023). Having considered the record, we conclude that the district court did not plainly err in accepting Preston's guilty plea. While an ineffective assistance of counsel claim that implicates the validity of a guilty plea is not barred by an appeal waiver, such claims are generally not cognizable on direct appeal—and instead must be reserved for a 28 U.S.C. § 2255 motion—unless the "attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). The record here does not conclusively show that counsel provided ineffective assistance. Accordingly, as to Preston's appeal, we grant in part the motion to dismiss the appeal as to all issues covered by the appeal waiver, and deny the motion to dismiss, but affirm as to issues not precluded by the appeal waiver.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4). Although the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "[w]hen the Government

4

promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017).

The district court entered judgment on March 16, 2023. Butler's notice of appeal is dated September 8, 2023, and was filed September 11, 2023. Because Butler failed to file a timely notice of appeal or obtain an extension of the appeal period and the Government has promptly invoked the appeal's untimeliness, *see* 4th Cir. R. 27(f)(2), we grant the Government's motion to dismiss Butler's appeal as untimely.

In accordance with *Anders*, we have reviewed the records in these cases and have found no meritorious issues for appeal. We therefore grant the Government's motion to dismiss in Appeal No. 23-4030 as to any issues falling within the scope of Preston's appellate waiver and affirm the remainder of the criminal judgment. As to Appeal No. 23-4577, we grant the Government's motion to dismiss. This court requires that counsel inform the Appellants, in writing, of their right to petition the Supreme Court of the United States for further review. If either Appellant requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the appropriate Appellant. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 23-4030, AFFIRMED IN PART AND DISMISSED IN PART;*
*No. 23-4577, DISMISSED*

5